IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ROBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1548 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 23rd day of March, 2015, upon due consideration of the parties' cross-motions for summary judgment related to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, denied. The Commissioner's decision of April 2, 2012, will be vacated and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed his pending applications for DIB and SSI on January 27, 2011, alleging a disability onset date of May 5, 2009, due to emphysema and arthritis of the lower back and hip. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on January 11, 2012, at which plaintiff, represented by counsel, appeared and testified. On April 2, 2012, the ALJ issued a decision finding that plaintiff is not disabled. On August 27, 2013, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 53 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d) and 416.963(d). He has at least a high school education and has past relevant work experience as an electrician/foreman and laminator, but he has not engaged in any substantial gainful activity since his alleged onset date.[1]

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the insured status requirements of the Act through December 31 2014.

The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of restrictive lung diseases, lumbago, degenerative disc disease, alcohol dependence not otherwise specified, depressive disorder, cervical degenerative disc disease and bilateral hip degenerative disease, he does not have an impairment or combination of impairments that meets or medically equals the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform light work but with numerous restrictions[2] designed to accommodate the limiting effects of his impairments, including, *inter alia*, "the option to sit/stand every 10-15 minutes." A vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including cashier, inspector and small parts assembler. Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but

---

[2] Specifically, the ALJ found that plaintiff has the residual functional capacity to perform light work "except: must be afforded the option to sit/stand every 10-15 minutes; occasional bend, balance, stoop, kneel, crouch, crawl, and climb ramps and stair; no climbing ladders, ropes and scaffolds; no exposure to extreme heat/cold, humidity and wetness; no exposure to vibration; no exposure to pulmonary irritants such as fumes, odors, dusts, gases or chemicals; no exposure to hazardous conditions such as unprotected heights or dangerous machinery; limited to simple, routine tasks involving no more than simple, short instructions and simple work-related decisions with few work place changes (unskilled work); no work at production rate pace, fast paced or assembly line work." (R. 25).

cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[3] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's decision: (1) that the ALJ improperly evaluated the medical evidence; and, (2) that, after having identified a "conflict" between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"), the ALJ failed to adequately resolve that conflict in violation of SSR 00-4p. After reviewing the ALJ's decision and the record, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence. Nevertheless, pursuant to SSR 00-4p, the court finds that this case must be remanded to the Commissioner for additional proceedings in order for the ALJ to inquire into, and to obtain a reasonable explanation for, the conflict between the vocational expert's testimony and the DOT that the ALJ himself identified.

---

[3] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

AO 72
(Rev. 8/82)

- 4 -

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff contends that the ALJ impermissibly gave greater weight to the opinion of Dr. Abu Ali, the state agency reviewing physician, than to the opinions of his treating physician, Dr. Edward Doyle. The court finds no error in the ALJ's evaluation of this evidence.

The rules by which the ALJ is to evaluate the medical evidence are well-established under the Social Security Regulations and the law of this circuit. Opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(c)(2) and 416.927(c)(2); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(c) and 416.927(c). Importantly, the opinion of any physician, including a treating physician, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-5p.

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. The ALJ specifically addressed both of the reports from Dr. Doyle and adequately explained why he was assigning them "very little weight." (R. 26-27). In particular, the ALJ observed that Dr. Doyle's opinions "are not consistent with the substantial evidence of record, including physical examinations discussed above and are not well supported by the clinical and objective findings." (R. 26). He noted that Dr. Doyle himself had reported that claimant only has mild pain aggravated

AO 72
(Rev. 8/82)

by sitting and prolonged walking, very mild muscle spasm, decreased range of motion and mild tenderness and that plaintiff's pain is helped by use of a TENS unit. (R. 26; 660). In addition, he noted that Dr. Doyle only saw plaintiff on two occasions and that his report appeared to be based predominantly on plaintiff's subjective complaints. (R. 27). The evidence of record as outlined by the ALJ in his opinion supports his evaluation of Dr. Doyle's reports. (R. 26-27).

Plaintiff contends that the ALJ's allegation that Dr. Doyle's opinion is not supported by the objective evidence is "conclusory" and lacks an adequate explanation. The court disagrees. As noted above, the ALJ pointed out specific statements in Dr. Doyle's reports contradicting his findings of debilitating limitations, including that plaintiff suffers from "mild pain - aggravated by sitting - prolonged walking" and reporting "mild tenderness" and "very mild muscle spasm." (R. 660). Moreover, before discussing Dr. Doyle's opinion, the ALJ devoted two full paragraphs of the decision summarizing in detail numerous objective tests and diagnostic studies, as well as findings by Dr. Syed, plaintiff's primary care physician, which also contradict the disabling restrictions Dr. Doyle found in his residual functional capacity assessment. (R. 26).

Nor does the court find error in the ALJ's statement that Dr. Doyle's opinions "appear to be based predominantly upon the subjective complaints of the [plaintiff]." (R. 27). The limitations set forth in Dr. Doyle's assessments are quite similar to the limitations plaintiff himself alleged as set forth by the ALJ in his decision, (R. 26), and, in light of the dearth of objective medical evidence supporting such debilitating restrictions, it seems a reasonable inference for the ALJ to make that Dr. Doyle was relying primarily on plaintiff's own allegations.

Furthermore, the ALJ did not err in giving more credence to the residual functional capacity assessment of Dr. Ali, the state agency reviewing physician, who concluded that plaintiff could perform work at the light exertional level with a number of postural and environmental restrictions.

(R. 27). Pursuant to the Regulations, state agency medical consultants are considered to be "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §§404.1527(e)(2)(i) and 416.927(e)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §§404.1527(e)(2)(ii) and 416.927(e)(2)(ii); SSR 96-6p. The ALJ did so here and, having concluded that Dr. Ali's report was more consistent with the totality of the evidence than the findings of Dr. Doyle, he properly gave Dr. Ali's opinion greater weight. (R. 27).

Although it is true as plaintiff notes that Dr. Ali incorrectly stated at one point in his assessment that plaintiff "does not use a TENS unit," (R. 76), the court does not agree with plaintiff that this misstatement renders Dr. Ali's assessment wholly suspect and unworthy of credence because it calls into question how closely he analyzed the evidence. Reviewing Dr. Ali's opinion as a whole, it is clear that he in fact was aware that plaintiff was using a TENS unit because one page earlier in the report he explicitly noted that plaintiff's low back pain is "under control w/TENS." (R. 75). Accordingly, the statement on the following page appears to be nothing more than an inadvertent clerical error. Despite that error, Dr. Ali's assessment otherwise is supported by the medical evidence as discussed by the ALJ in his decision.

In sum, the ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

While the ALJ's evaluation of the medical evidence is supported by substantial evidence, this case nevertheless must be remanded for further proceedings pursuant to SSR 00-4p due to an unresolved apparent conflict between the vocational expert's testimony and the DOT.[4]

SSR 00-4p was issued to clarify the standards for identifying and resolving conflicts between occupational evidence provided by a vocational expert and information contained in the DOT. The ruling requires the ALJ to identify, and obtain a reasonable explanation for, any such conflict, and also to explain in the decision how any conflict that has been identified was resolved. The Third Circuit Court of Appeals has interpreted SSR 00-4p to require that "the ALJ ask the vocational expert whether any possible conflict exists between the vocational expert's testimony and the DOT," and, if the testimony does appear to conflict with the DOT, the ruling directs the ALJ "'to elicit a reasonable explanation for the conflict.'" Burns v. Barnhart, 312 F.3d 113, 127 (3d Cir. 2002). "The Ruling requires that the explanation be made on the record and that the ALJ explain in his decision how the conflict was resolved." Id.

In this case, in response to the ALJ's hypothetical incorporating the restrictions set forth in the residual functional capacity finding, including that plaintiff would need a sit/stand option, the vocational expert testified that plaintiff could perform a number of positions in the national economy, including cashier, inspector and small parts assembler. (R. 64). In accordance with SSR 00-4p, the ALJ then asked the vocational expert if her testimony was consistent with the information found in the DOT, to which she responded, "yes." (R. 67). There was no further inquiry at the hearing regarding the DOT.

---

[4] The DOT is a United States Department of Labor publication containing descriptions of the requirements for thousands of jobs in the national economy. Martin v. Barnhart, 240 Fed.Appx. 941, 943 (3d Cir. 2007). The DOT is the primary source of job requirements relied upon in making disability determinations. SSR 00-4p.

In his decision, however, the ALJ explicitly recognized that the vocational expert's testimony "is inconsistent with the information contained in the [DOT]" because the DOT "does not account for a sit/stand option." (R. 29). Despite never having asked the vocational expert for an explanation for this "inconsistency" at the hearing, the ALJ nevertheless found a "reasonable explanation" for the discrepancy through the following statement: "The vocational expert testified that although the [DOT] does not account for a sit/stand option, his [sic] testimony is credible as it is based upon his [sic] years of experience in the field and placement of workers." (R. 29).[5]

Having identified a conflict between the vocational expert's testimony and the DOT, the ALJ was under an obligation under SSR 00-4p to *elicit* a reasonable explanation for the conflict and explain on the record how it was resolved. Here, however, the ALJ did not inquire at the hearing as to the conflict he himself identified - the absence of a sit/stand option in the DOT - but instead apparently *created* his own explanation and then *attributed* it to the vocational expert because, contrary to the ALJ's decision, the vocational expert did not testify that the DOT does not account for a sit/stand option nor that her opinion that plaintiff could perform the jobs she identified was based on her years of experience in the field. Indeed, she was never asked about the absence of a sit/stand option in the DOT nor for an explanation as to whether plaintiff nevertheless could perform the identified jobs with a sit/stand option.

Here, the ALJ determined that the vocational expert's testimony conflicts with the DOT because the DOT does not account for a sit-stand option. Pursuant to SSR 00-4p, the ALJ was required to inquire into that conflict and obtain a reasonable explanation for it from the vocational expert. The ALJ's reliance on statements purportedly made by the vocational expert that do not appear in the record is not a suitable resolution of that conflict. Beining v. Colvin, 2014 WL

---

[5] The court notes that the vocational expert was Irene Montgomery.

3955691 at *5; *Cf*, Machen v. Colvin, 2013 WL 3168658 (W.D. Pa., June 20, 2013)(J. McVerry)(no remand where ALJ explicitly asked vocational expert whether sit/stand was in DOT and vocational expert stated his opinion was based on his professional training and work experience).

Because the conflict was not properly resolved, the ALJ could not rely on the vocational expert's testimony to support his finding that plaintiff is not disabled and this case must be remanded for compliance with SSR 00-4p. *See, e.g.*, Rivera-Negron v. Astrue, 2013 WL 5823713 (E.D.Pa., Oct. 30, 2013)(where ALJ failed to resolve conflict between vocational expert testimony and DOT, decision not supported by substantial evidence); Ehrhart v. Colvin, 2013 WL 4540700 (M.D.Pa., Aug. 27, 2013)(ALJ erroneously accepted testimony of vocational expert who indicated that his testimony was consistent with DOT when there was conflict relating to claimant's visual acuity).

While it is true, as the Commissioner now points out, that an unexplained conflict between the DOT and the vocational expert does not necessarily require a remand, *see, e.g.*, Rutherford v. Barnhart, 399 F.3d, 546, 558 (3d Cir. 2005)(vocational testimony provided substantial evidence for ALJ's step 5 finding despite minor inconsistencies between that testimony and DOT); Jones v. Barnhart, 364 F.3d 501, 506 (3rd Cir. 2004) (substantial evidence supported step 5 determination despite inconsistencies between vocational expert testimony and DOT where inconsistencies did not exist as to all of the jobs identified by the vocational expert and the vocational expert testified that listed jobs were just examples, not an exhaustive list), the court believes that a remand in fact is necessary here because the vocational expert offered no opinion as to what impact a sit/stand option may have on the ability of plaintiff to perform any of the jobs that she identified.

The court recognizes that a number of courts have determined that a remand was not necessary due to an apparent conflict arising from the absence of a sit/stand option in the DOT. Minichino v. Colvin, 955 F.Supp.2d 366 (M.D. Pa. 2013)(no remand where vocational expert implicitly acknowledged conflict by recognizing overall numbers of positions would be eroded with a sit/stand option); White v. Colvin, 2014 WL 4272760 (M.D.Pa., Aug. 28, 2014)(same); Forcinito v. Commissioner of Social Security, 2014 WL 252095 (D.N.J., Jan. 23, 2014)(same). Here, however, unlike the foregoing cases it cannot be inferred that the vocational expert was accounting for the sit/stand option because she was never specifically asked whether a sit/stand option would erode the occupational base of the jobs which she identified that plaintiff could perform and she did not indicate whether the numbers in fact would be eroded.

On remand, the ALJ must specifically ask the vocational expert about the apparent conflict existing between her testimony and the DOT as it relates to a sit/stand option. In accordance with SSR 00-4p, the ALJ must then resolve the conflict by determining if the explanation *given by the vocational expert* is reasonable and provides a basis for relying on the vocational expert's testimony.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226

Michael Colville
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219